NOT FOR PUBLICATION                                          (Docket No. 105)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

| | | |
|---|---|---|
| HALBERT COURSEY, | : | |
| | : | |
| Plaintiff, | : | Civil No. 05-2820 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CITY OF CAMDEN, et al, | : | |
| | : | |
| Defendants. | : | |

---

**KUGLER**, United States District Judge:

This matter comes before the Court upon a motion by Defendants Delaware River Port

Authority ("DRPA") and Defendant DRPA Police Officer Michael Voll (collectively "the DRPA

Defendants") to dismiss the Third Amended Complaint of Plaintiff Halbert Coursey ("Plaintiff")

pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons expressed herein,

Defendant's motion to dismiss will be denied as to Plaintiff's claims against the DRPA

Defendants.

**I.       BACKGROUND[1]**

This case centers on events which occurred on February 5, 2004 and involved members

of the New Jersey Division of State Police, the City of Camden Police Department, and the

Delaware River Port Authority Police Department, who were on that date executing search

---

[1]Because the parties are by now familiar with the factual history of this litigation, the
background will not be set forth at length except as helpful for disposition of the instant motion.
The Court hereby incorporates the statements of facts set forth in its prior opinion.

warrants.  Officers from these different law enforcement agencies were acting pursuant to the

Camden Anti-Crime Partnership ("CAP"), a multi-jurisdictional task force established at the

direction of the Governor of New Jersey in 2002 to address the problem of crime in Camden.

Plaintiff filed a Complaint on January 31, 2005 in the Superior Court of New Jersey,

Camden County against the State of New Jersey, the State of New Jersey State Police,

Superintendent of the New Jersey State Police Edwin Figueroa, State Police Officers John Does

1-50, John Roes 1-50, the City of Camden, the City of Camden Police Department, Chief of the

Camden Police Department Rick Fuentes, and Camden Police Officers John Does 1-50.  The

State of New Jersey was served with the complaint and summons on May 2, 2005 and removed

the case to this Court on June 1, 2005.  On August 4, 2005, Plaintiff moved to amend the

Complaint to fix an error in the original Complaint.  This unopposed motion was granted and the

First Amended Complaint was filed.  Plaintiff moved to filed a Second Amended Complaint on

November 1, 2006, adding as defendants State Police Officers DiJoseph and Kerchersky.

Margistrate Judge Ann Marie Donio granted Plaintiff's motion in part and denied it in part on

June 29, 2007 (Docket Entry No. 42), and the Second Amended Complaint was filed on July 19,

2007 (Docket Entry No. 45).  Plaintiff later moved to file a Third Amended Complaint; after

hearings Magistrate Judge Donio granted in part and denied in part this motion (Docket Entry

No. 85, 89), and the Third Amended Complaint was filed on March 10, 2008 (Docket Entry No.

90).  The Third Amended Complaint seeks relief on a multitude of claims against the State of

New Jersey, the State Police, the Superintendent of the State Police, State Police Officers

DiJoseph and Kerchersky, the City of Camden, the City of Camden Police Department, the Chief

of the Camden Police Department, the DRPA, and DRPA Police Officer Voll.

The DRPA Defendants filed the instant motion to dismiss on May 23, 2008 arguing that the Plaintiff's personal injury claims and claims under 42 U.S.C. § 1983 against them are barred by the applicable statute of limitations.

## II.    DISCUSSION

### A.    Motion to Dismiss Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations, along with all reasonable inferences that may be drawn from them, as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle him to relief.  Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

### B.    The Statute of Limitations Defense

"Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued."  N.J. Stat. Ann. 2A:14-2.  Actions brought under § 1983 are subject to statutes of limitations applicable to personal injury in the state in which claim accrued. Cito v. Bridgewater Twp. Police Dep't., 892 F.2d 23, 25 (3d Cir. 1989).  Plaintiff's tort claims and § 1983 claims accrued on February 5, 2004, the date of his arrest as part of a raid on known "drug sets" in Camden.  See Wallace v. Kato, 549 U.S. 384 (2007).  Therefore, the statute of limitations for his claims expired on February 5, 2006. Having initially named fictitious defendants in his Complaint, Plaintiff amended his Complaint to name the DRPA Defendants on

3

March 10, 2008.

Under Federal Rule of Civil Procedure 15(c), an amendment to a complaint will be permitted after the statute of limitations has run if the amendment can "relate back" to the date of the original pleading under state law.  Fed.R.Civ.P. 15(c)(1) ("An amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back.").  New Jersey law provides that amendments adding a defendant will relate back to the original pleading if the plaintiff properly pleads a fictitious name prior to the expiration of the limitations period.  N .J.R. 4:26-4.  This fictitious party rule permits a plaintiff to hold a place for a defendant whose identity he cannot yet ascertain.  The rule is not always available, however.  To invoke the rule, the fictitious name in the complaint must have been accompanied by an appropriate description sufficient to identify the defendant. See Rutkowski v. Liberty Mut. Ins. Co., 209 506 A.2d 1302, 1306 (N.J. Super. Ct. App. Div. 1986). In addition, the plaintiff must have used due diligence to try to determine the defendant's identity before and after filing the complaint.  See Matynska v. Fried, 811 A.2d 456, 457 (N.J. 2002). Moreover, the application of the rule must not prejudice the defendant.  See Mears v. Sandoz, 693 A.2d 558, 563-64 (N.J. Super. Ct. App. Div. 1997).

The DRPA Defendants' basis for their argument that Plaintiff has failed to state a claim uses information that goes well beyond the pleadings of the case.  The DRPA Defendants specifically aver that they are entitled to be dismissed from the case because Plaintiff did not allege in his Third Amended Complaint that he acted with due diligence to obtain the identities of the DRPA Defendants as required to take advantage of the fictitious party and relation back rules.  Plaintiff has no obligation under the rules to make such an allegation in his Third

4

Amended Complaint.  The DRPA Defendants attempt to rest on the pleadings and have the Court grant a motion to dismiss in their favor by misconstruing Plaintiff's obligation.

The DRPA Defendants include a footnote in the memorandum accompanying their motion, requesting the Court to consider their motion as one for summary judgment, to the extent the memorandum relies on matters outside the pleadings.  This attempted request for alternative relief was not sufficient to put Plaintiff on notice that the motion would be considered as one for summary judgment.  Plaintiff's lack of notice is evident in his reliance only on the pleadings in his opposition, having not attached evidence to his opposition papers as allowed by Federal Rule of Civil Procedure 56 when a party objects to a summary judgment motion.

Federal Rule of Civil Procedure 12(b) provides that if, on a motion to dismiss under Rule 12(b)(6), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.  In re Rockefeller Center Properties, Inc. Securitites Litigation, 184 F.3d 280, 287-88 (3d Cir. 1999).  Therefore, this Court may not convert a motion to dismiss into a motion for summary judgment without Plaintiff having notice of such a conversion.  The DRPA Defendants' footnote requesting alternative relief in the form of summary judgment did not put Plaintiff on sufficient notice that the motion would be decided as a summary judgment motion.  Plaintiff's opposition evinces his understanding.  Accordingly, this Court will deny the motion to dismiss.

## III.   CONCLUSION

For the reasons expressed herein, the Court will DENY the motion to dismiss.  An

accompanying Order will issue today.


Dated:___12-15-08_____                    ___/s/ Robert B. Kugler_____
                                                ROBERT B. KUGLER
                                                United States District Judge